UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-1382-DMG (JPRx)** | Date | May 5, 2020 |
| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 1 of 18 |

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTIONS TO DISMISS FOR *FORUM NON CONVENIENS* [41, 61], FOR LACK OF PERSONAL JURISDICTION [59, 60], AND FOR PLAINTIFF'S FAILURE TO STATE THE FIRST, SECOND, AND EIGHTH CLAIMS [41, 59, 60]**

  On February 25, 2019, Plaintiff Graduation Solutions LLC filed its Complaint for Damages and Declaratory Relief against Defendants Luya Enterprise, Inc. ("Luya"), Shaoxing Oushibao Textile Clothing Co., LTD ("Osbo"), and Hangzhou Mondon Co., LTD ("Mondon") (collectively, "Corporate Defendants"); and Junfeng Lu ("Junfeng"), Jianping Lu ("Jianping"), Juanhong Yao, and Shuang Yan (collectively, "Individual Defendants"). *See* Compl. at ¶¶ 4–12 [Doc. #1]. The Complaint raises six causes of action: (1) violations of the Defend Trade Secrets Act of 2016; (2) violations of the California Uniform Trade Secrets Act; (3) copyright infringement under 17 U.S.C. section 501 *et seq.*; (4) unfair competition under 15 U.S.C. section 1125(a); (5) unfair competition; (6) breach of good faith and fair dealing; (7) unjust enrichment; and (8) alter ego liability.

  On July 12, 2019, Luya filed a Motion to Dismiss Plaintiff's Complaint for *forum non conveniens*, proposing the People's Republic of China as an adequate alternative forum ("MTD # 1"). [Doc. # 41.] Luya's MTD #1 also argues for dismissing Plaintiff's first and second causes of action for trade secret misappropriation under Federal Rule of Civil Procedure 12(b)(6). *Id.* On September 11, 2019, Yan and Junfeng also filed a Motion to Dismiss the case for *forum non conveniens* ("MTD # 2"). [Doc. # 61.] Additionally, on September 11, 2019, Yan filed a Motion to Dismiss herself for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and to dismiss Plaintiff's first, second, and eighth causes of action under Rule 12(b)(6) ("MTD # 3"). [Doc. # 59.] Junfeng filed a similar MTD under Rules 12(b)(2) and 12(b)(6) ("MTD # 4"). [Doc. # 60.]

  All of the MTDs have been fully briefed. [Doc. ## 55, 57, 66–68, 74–76.] On November 6, 2019, the Court requested supplemental briefing from the parties regarding China's adequacy as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-1382-DMG (JPRx)** | Date | May 5, 2020 |
| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 2 of 18 |

an alternative forum. [Doc. # 78.] Both sides filed supplemental briefs and expert declarations. [Doc. ## 84, 85.]

Having considered the parties' written submissions, the Court renders its decision below.

## I.
## BACKGROUND[1]

Plaintiff is a Nevada limited liability corporation whose principal place of business is in Connecticut. Compl. at ¶ 4. Plaintiff is in the business of designing, marketing, and selling graduation apparel. *Id.* Defendant Luya is a Nevada corporation that conducts business via various websites. *Id.* at ¶¶ 5–7. Plaintiff alleges that Individual Defendants Jianping Lu and Juanhong Yao (husband and wife), Junfeng Lu (their son), and Shuang Yan (Junfeng's wife) are California residents. *Id.* at ¶¶ 8–13. Plaintiff also alleges that the Individual Defendants created the Corporate Defendants Luya, Osbo, and Mondon, all of which are used to sell graduation apparel in the United States through various websites. *Id.* at ¶¶ 14–18.

In 2003, Plaintiff entered into an oral agreement with the Individual Defendants for them to manufacture Plaintiff's graduation apparel at their facility in China, which Plaintiff would then sell and distribute in the United States and internationally. *Id*. at ¶¶ 24, 28. The oral agreement allegedly provided, *inter alia*, that Individual Defendants "agreed to not work with any other graduation apparel sellers or distributors," to "keep Plaintiff's design specifications and other non-public business information confidential, and to not use said information for any other purpose except to manufacture [Plaintiff's] products." *Id.* at ¶ 25. The contract was never memorialized in writing. *Id.* at ¶ 28.

Plaintiff shared its design specifications for its products ("Apparel Design Specifications") with the Individual Defendants so they could properly manufacture the graduation apparel products. *Id.* at ¶ 29–30. Plaintiff claims these Apparel Design Specifications for items such as graduation caps, gowns, tams, hoods, stoles, and honor cords were unique to its business, developed over a significant period of time, required substantial capital investment, and were not available to the general public. *Id.* at ¶¶ 31–36. Additionally, Plaintiff alleges that it shared other proprietary information ("Business Information") with the Individual Defendants, including "market data, vendor information, customer information, business modalities, [and] insider information regarding the graduation apparel industry." *Id.* at ¶¶ 37–39.

---

[1] The Court accepts all material facts alleged in the Complaint as true solely for the purpose of deciding the MTDs. In ruling on the Rule 12(b)(2) motions and MTDs for *forum non conveniens*, the Court will also consider evidence outside of the pleadings, as discussed below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-1382-DMG (JPRx)** | Date | May 5, 2020 |
|---|---|---|---|

| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 3 of 18 |
|---|---|---|---|

For several years, Plaintiff and the Individual Defendants carried out their business relationship according to the terms of the oral agreement. *Id.* at ¶ 28. At some point, Plaintiff began to notice a decline in the quality and consistency of products it received from the Individual Defendants, although the Individual Defendants reassured Plaintiff that they would continue manufacturing at the expected quality. *Id.* at ¶¶ 40–42. Some time thereafter, Plaintiff learned that the Individual Defendants, via the Corporate Defendants, created and managed the following websites that relied on Plaintiff's Apparel Design Specifications and Business Information to sell graduation apparel in the United States: www.graduationmall.com, www.ivyrobes.com, www.graduationgownshop.com, www.sxosbo.com, www.osbogown.com, sxosbo.en.alibaba.com, and www.mondonco.com ("Websites"). *Id.* at ¶¶ 45–50. One of the corporations created by Individual Defendants is Luya, which currently owns and manages one or more of the Websites. *Id.* at ¶ 53. Plaintiff now alleges that Luya is one of several (since-dissolved) corporations created by the Individual Defendants that has operated the Websites in a manner that violates Plaintiff's intellectual property rights and misappropriates its trade secrets. *Id.* at ¶¶ 48–57, 66–72.

On February 24, 2019, Plaintiff filed its Complaint alleging six causes of action, including, as relevant to the instant motions, violations of the Defend Trade Secrets Act of 2016 ("DTSA") and California Uniform Trade Secrets Act ("UTSA") and alter ego liability. [Doc. # 1.]

Four separate MTDs are now pending: Luya's MTD #1 for *forum non conveniens* and failure to state the DTSA and UTSA claims; Yan and Junfeng's MTD #2 for *forum non conveniens*, Yan's MTD # 3 for lack of personal jurisdiction and failure to state the DTSA, UTSA, and alter ego liability claims, and Junfeng's MTD # 4 for lack of personal jurisdiction and failure to state the DTSA, UTSA, and alter ego liability claims.

The four non-moving Defendants—Jianping, Yao, Osbo, and Mondon—have executed Rule 4(d) waivers of service of process, waived the defenses of improper service and lack of personal jurisdiction and thereby consented to personal jurisdiction in this Court, and agreed to be bound by this Court's decision on the pending MTDs for *forum non conveniens*. [Doc. ## 89–93.]

The Court examines first Defendants' arguments for dismissal for *forum non conveniens*, then Yan and Junfeng's arguments for lack of personal jurisdiction, and finally, arguments that the Complaint fails to state claims under Rule 12(b)(6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-1382-DMG (JPRx) | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 4 of 18 |

## II.
## MOTIONS TO DISMISS FOR *FORUM NON CONVENIENS*

### A. Legal standard

Defendants argue that the case should be dismissed under the doctrine of *forum non conveniens*. *See generally* MTD # 1; MTD # 2. The decision to dismiss a case for *forum non conveniens* and in favor of Defendants' proposed alternative forum, China, is committed to the Court's "sound discretion." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

To reach its decision, the Court must consider "(1) whether an adequate alternative forum exists, and (2) whether the balance of private and public interest factors favors dismissal." *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 693 (9th Cir. 2009) (quoting *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001)) (internal quotation marks omitted). In some instances, the Court's decision may also entail identifying the "factual and legal issues of the underlying dispute." *Sinochem Intern. Co. Ltd. V. Malaysia Intern. Shipping Corp.*, 549 U.S. 422 (2007) (citation omitted). But the Court's analysis may not involve assumptions of substantive law. *Id.* The Court may rely on affidavits submitted by the parties in determining a *forum non conveniens* motion. *See, e.g.*, *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1225 (9th Cir. 2011).

### B. China's adequacy as an alternative forum

Defendants "bear[] the burden of proving" China's adequacy as an alternative forum. *Gutierrez v. Advanced Med. Optics, Inc.*, 640 F.3d 1025, 1029 (9th Cir. 2011). To do so, Defendants must establish (1) China's jurisdiction over the matter and whether Defendants "are amenable to service of process" in China, and (2) that China is able to provide GS with "a sufficient remedy." *Id.* (internal quotations omitted).

#### 1. China's jurisdiction

Defendants' amenability to service of process in China "is a *sine qua non* in determining a foreign forum's adequacy." *Leetsch v. Freedman*, 260 F.3d 1100, 1105 (9th Cir. 2001) (Berzon, M., concurring). Here, Defendants have indicated that they are willing to submit to personal jurisdiction in China for all claims raised in Plaintiff's Complaint as a condition of dismissal for *forum non conveniens*. *See* MTD # 1 at 30; MTD # 2 at 4. Defendants are therefore amenable to process in China. *See Van Schijndel v. Boeing Co.*, 434 F. Supp. 2d 766, 775 (C.D. Cal 2006)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-1382-DMG (JPRx)** | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 5 of 18 |

(holding that defendants' willingness to submit to personal jurisdiction in Singapore established amenability to service of process there).

Although China may have personal jurisdiction over Defendants, China may not have subject matter jurisdiction over any claims alleged against Luya. *See* Liu Decl. at ¶ 32 [Doc. # 85-2]. In her declaration submitted in support of Plaintiff's opposition to dismissal, Erica Liu points to Article 265 of Civil Procedure Law of the People's Republic of China, which indicates that China has subject matter jurisdiction over property lawsuits filed against foreign defendants only where, *inter alia*, "the place of occurrence of the tortious act or the location of the representative organization" is in China. *Id.* Likewise, Jiayou Shi's declaration, submitted in support of Defendants, acknowledges that a Chinese court has subject matter jurisdiction over tortious acts only "where the tort is committed" in China, "or where the defendant has his domicile" in China. Shi Decl. at ¶¶ 22 [Doc. # 84-2].

Here, Luya's alleged tortious conduct—using misappropriated trade secrets to sell graduation apparel via the Websites—took place only in the United States. *See* Compl. at ¶ 53; Liu Decl. at ¶ 33. And Luya, a Nevada corporation, is not domiciled in China. *Id.* at ¶ 4. China therefore has no subject matter jurisdiction over Luya or Luya's alleged infringing conduct. *See* Liu Decl. at ¶¶ 33, 38.

Accordingly, China is not an adequate forum for Plaintiff's claims against Luya. Because Yan and Junfeng are domiciled in China, however, China likely has subject matter jurisdiction over Plaintiff's claims against them. *See* Compl. at ¶¶ 4, 53. The Court moves to the next step of the *forum non conveniens* inquiry as to whether China offers an adequate remedy for Plaintiff's claims against Yan and Junfeng.

**2. Adequacy of remedy**

Even if the law in the alternative forum is less favorable to the plaintiff, dismissal on the ground of *forum non conveniens* may still be granted. *Carijano*, 643 F.3d at 1225. But the alternative forum will be deemed inadequate if it provides "a clearly unsatisfactory remedy." *Id.*; *see also Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1144 (9th Cir. 2001) ("[A] foreign forum will be deemed adequate unless it offers no practical remedy. . . .").

Although Defendants are entitled to the presumption that China is an adequate alternative forum, Plaintiff may rebut that presumption by a contrary showing. *Piper*, 454 U.S. at 249 (holding that "dismissal will ordinarily be appropriate" where a plaintiff "is unable to offer any specific reasons of convenience supporting his choice"). If Plaintiff rebuts the alternative forum's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-1382-DMG (JPRx)** | Date | May 5, 2020 |
|---|---|---|---|

| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 6 of 18 |
|---|---|---|---|

presumptive adequacy, Defendants must respond and resolve the alternative forum's alleged inadequacy for the Court to grant their motion for *forum non conveniens*. *See In re Montage Tech. Grp. Ltd. Sec. Litig.*, 78 F. Supp. 3d 1215, 1222–23 (N.D. Cal 2015).

Here, Plaintiff disputes whether the alternative forum "permit[s] litigation of the subject of the dispute." Suppl. Opp. at 7–8 [Doc. # 85-5]. Previously, the Supreme Court indicated that such uncertainty over whether litigation was permitted could render an alternative forum inadequate. *Piper*, 454 U.S. at 254 n.22 (citing *Phx. Can. Oil Co. Ltd. v. Texaco, Inc.*, 78 F.R.D. 445, 453-54 (Del. 1978) (denying dismissal for *forum non conveniens* where it was unclear whether the foreign forum would hear the case and whether there was a legal remedy for the unjust enrichment and tort claims asserted)). One district court has denied dismissal for *forum non conveniens* where it was uncertain whether China would hear the plaintiff's securities claims absent certain prerequisites particular to China, and the court concluded that it was not its responsibility to resolve disputed questions of foreign law. *See In re Montage*, 78 F. Supp. at 1223. Another court has denied a motion for *forum non conveniens* because China's evidentiary rules deprived plaintiffs of an opportunity to prove their claims, which plaintiffs could otherwise potentially prove in a U.S. court. *See Beijing iQIYI Sci. & Tech. Co., Ltd. v. iTalk Global Commc'ns, Inc.*, No. CV 19-00272-ADA, 2019 WL 6876493 at *3 (W.D. Tex. Dec. 17, 2019).

Plaintiff argues that dismissal would deprive it of an adequate remedy for three reasons: (1) its claims are based on an oral agreement, (2) Chinese courts generally do not recognize oral agreements or testimony, and (3) proof of a written agreement is necessary for maintaining a misappropriation of trade secrets claim in China. Suppl. Opp. at 7–8 [Doc. # 85-5.] Thus, Plaintiff asserts that its suit "would be subject to dismissal from the outset." *Id.* Plaintiff's expert, Liu, states in her declaration that China's "evidentiary hurdles will likely prove fatal for" Plaintiff, given the particular facts of this case. Liu Decl. at ¶ 37. In China, trade secrets litigation is "extremely strict," and Chinese courts will likely "requir[e] written evidence of all elements" of Plaintiff's trade secret claims: "the carrier and specific contents of the secret, and the measures taken to protect the confidentiality of such commercial secrets." *Id.* ¶¶ 35, 37. Therefore, Plaintiff would be precluded from pleading trade secret misappropriation in China, since the alleged confidentiality agreement and alleged contents of the trade secrets were communicated orally. *See* Compl. at ¶¶ 25, 28–30, 83.

In response, Defendants' experts opine that *generally* China is an adequate alternative forum because China's laws provide protection to foreign right holders of copyright and trade secrets. Shi Decl. at ¶¶ 27–28; deLisle Decl. at ¶¶ 21, 25–26, 28, 30. But neither defense expert addresses how the underlying facts of the instant case—particularly the parties' lack of a written agreement—

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-1382-DMG (JPRx) | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 7 of 18 |

affect Plaintiff's ability to initiate and pursue such claims in China. *See generally* deLisle Decl; Shi Decl.

Plaintiff has thus successfully rebutted the presumption that China provides any practical remedy for its claims against Luya, Yan, and Junfeng. Because Defendants have failed to establish that China is an adequate alternative forum, Defendants have not made their required threshold showing for dismissal of the action for *forum non conveniens*.

Accordingly, the Court **DENIES** Defendants' MTDs for *forum non conveniens*.

## III.
## MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

A. **Legal standard**

Defendants Yan and Junfeng argue that they should be dismissed as Defendants for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *See* MTD # 3; MTD # 4. When defendants "move[] to dismiss a complaint for lack of personal jurisdiction, [a] plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). To demonstrate that either general or specific personal jurisdiction exists, a plaintiff must make a *prima facie* showing of jurisdictional facts. *Id.*; *see also Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1776 (2017). The court may also consider evidence outside of the pleadings, including affidavits submitted by the parties. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), *abrogated on other grounds by Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017). If there are conflicting statements in the parties' affidavits, a court must construe them in the plaintiff's favor. *Schwarzenegger*, 374 F.3d at 800.

B. **General jurisdiction**

Plaintiff argues that this Court has general personal jurisdiction over Yan and Junfeng because they are "engage[d] in 'continuous and systematic general business contacts' that 'approximate physical presence' in the forum state."[2] *Id.* at 801 (internal citations omitted). Plaintiff argues that Yan and Junfeng personally—in addition to Corporate Defendant Luya—own and operate the interactive Websites, specifically www.graduationmall.com and www.ivyrobes.

---

[2] Plaintiff does not argue that Yan and Junfeng are domiciled in California. *See* Opp. to MTD # 4 at 15 [Doc. #66]; Opp. to MTD # 3 at 15 [Doc. # 67]. Therefore, they are not subject to general personal jurisdiction in California.

Case 2:19-cv-01382-DMG-JPR Document 96 Filed 05/05/20 Page 8 of 18 Page ID #:1904

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-1382-DMG (JPRx)** | Date | May 5, 2020 |
|---|---|---|---|

| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 8 of 18 |
|---|---|---|---|

Plaintiff argues that the Websites serve as sufficient "continuous and systematic" business contacts with California for this Court to assert general personal jurisdiction over Yan and Junfeng because: (1) the Websites allow customers to order products directly from them; (2) the Websites "are accessible and used to sell [] products to customers within the State of California"; and (3) "the primary mailing address listed on the [Websites] is" a California address. Opp. to MTD # 4 at 14–15; Opp. to MTD # 3 at 14–15.

This argument fails because a nonresident defendant's operation of an interactive website "does not confer general jurisdiction." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1226–27 (9th Cir. 2011). Thus, neither Luya nor the Individual Defendants are subject to general jurisdiction in this Court merely due to the operation of the Websites.

**C.    Specific jurisdiction**

The Court next considers whether the Websites may support specific personal jurisdiction over Luya, Yan, and Junfeng.

**1.    Luya**

Courts utilize the following three-part test to determine whether they have specific jurisdiction over a non-resident defendant:

(1)    the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2)    the claim must be one which arises out of or relates to the defendants' forum-related activities; and

(3)    the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. Once the plaintiff meets the burden of establishing the first two prongs, the burden shifts to the defendant, who must put forth a "compelling case" that the exercise of jurisdiction would not be reasonable. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-1382-DMG (JPRx)** | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 9 of 18 |

Courts typically analyze intentional tort claims, such as the ones Plaintiff asserts against Defendants here, under the "purposeful direction" rubric using the "effects" test articulated in *Calder v. Jones*, 465 U.S. 783 (1984). *See Mavrix*, 647 F.3d at 1228. Under this test, the defendant purposefully directs his actions at a certain forum if: "(1) the defendant committed an intentional act; (2) the act was expressly aimed at the forum state; and (3) the act caused harm that the defendant knew was likely to be suffered in the forum state." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 609 (9th Cir. 2010).

There is no question that Luya committed intentional acts in selling graduation apparel via its Websites and that those sales of products using Plaintiff's allegedly misappropriated trade secrets and infringed copyright constitute the basis of Plaintiff's claims. To demonstrate that Luya intentionally targets California residents, Plaintiff offers evidence that: (1) Websites www.graduationmall.com and www.ivyrobes.com instruct customers to mail payments to a California address, Ex. B of Opp. to MTD # 3 [Doc. # 67-3]; (2) the Graduation Mall Amazon.com store page and Facebook.com page show that www.graduationmall.com has a significant California customer base, Ex. K of Opp. to MTD # 3 [Doc. # 67-12]; Ex. L of Opp. to MTD # 3 [Doc. # 67-13]; and (3) www.graduationmall.com allows California customers to order products directly, as well as engage in real-time online chat with a customer service representative. Ex. J of Opp. to MTD # 3 [Doc. # 67-11]. The specific advertising of graduation apparel to California customers and "interactivity of the defendant's website" demonstrate express aim at California. *Mavrix Photo.*, 647 F.3d at 1229 ("Based on the website's subject matter, as well as the size and commercial value of the California market, we conclude that [the defendant] anticipated, desired, and achieved a substantial California viewer base."). Lastly, the economic loss caused by the intentional misappropriation of a plaintiff's trade secrets and infringement of a copyright is foreseeable. *Id.* at 1231. Accordingly, Plaintiff has established Luya's purposeful direction to this forum.

Defendants raise no argument for why it would be unreasonable to exercise personal jurisdiction over Luya for its intentional acts arising out of its online sales directed at California customers via its Websites.[3] Accordingly, the Court has specific personal jurisdiction over Luya.

### 2. Yan and Junfeng

Plaintiff argues that Yan's and Junfeng's actions as officers of Luya and other Corporate Defendants demonstrate sufficient contacts with this forum and, separately, that Luya's jurisdictional contacts can be imputed to both Individual Defendants via the alter ego doctrine. *See* Opp. to MTD # 4 at 16–17; Opp. to MTD # 3 at 16–17.

---

[3] Moreover, Luya has waived any personal jurisdiction defense by bringing a Rule 12 motion without raising Rule 12(b)(2). *See* Fed. R. Civ. P. 12(h); *Parker v. United States*, 110 F.3d 678, 682 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-1382-DMG (JPRx) | Date | May 5, 2020 |
|---|---|---|---|

| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 10 of 18 |
|---|---|---|---|

"For claims sounding in tort, a corporate officer can be subject to jurisdiction based on his own sufficient individual contacts with the forum." *In re Boon Glob. Ltd.*, 923 F.3d 643, 652 (9th Cir. 2019). Though the fiduciary shield doctrine precludes finding specific jurisdiction over a corporate director, officer, agent, or employee *solely* based on the corporation's contacts with the forum, "a corporate officer's contacts on behalf of a corporation are sufficient to subject the officer to personal jurisdiction where the officer is a 'primary participant in the alleged wrongdoing or had control of, and direct participation in the alleged activities.'" *Advanced Skin & Hair, Inc. v. Bancroft*, 858 F. Supp. 2d 1084, 1090 (C.D. Cal. 2012) (quoting *Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F.Supp.2d 1109, 1120 (C.D. Cal. 2009)). Indeed, *Calder* specifically "reject[ed] the suggestion that employees who act in their official capacity are somehow shielded from suit in their individual capacity." *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 521 (9th Cir. 1989) (quoting *Calder*, 465 U.S. 770, 781 n.13).

Here, Plaintiff alleges that this Court may exercise personal jurisdiction over Individual Defendants Yan and Junfeng because they are the primary or sole decisionmakers for Luya and other Corporate Defendants and thereby direct, control, and operate the Websites selling infringing graduation apparel to California. Compl. at ¶¶ 53, 55; *see also id.* at ¶¶ 56, 176-80.

Defendants do not refute that Yan is Luya's sole officer and that the corporation is under her "direct and sole control." *Id.* at ¶ 55; *see* Ex. C of Opp. to MTD # 3 [Doc. # 67-4]. Yan is therefore the primary decisionmaker intentionally aiming sales of graduation apparel on www.graduationmall.com at California consumers and causing foreseeable harm to Plaintiff. Furthermore, Plaintiff has alleged that Yan, not Luya, is the registrant of www.graduationmall.com and www.ivyrobes.com, and has created and dissolved several corporations through which she operated the Websites. Opp. to MTD # 3 at 17; *see* Ex. D of Opp. to MTD # 3 [Doc. # 67-5] (showing that for both websites, the registrant's identity is hidden); Compl. at ¶¶ 50–54. Previously, Yan was the sole listed officer and director of National Cap Gown Inc., a corporation dissolved in December 2018, after Luya was incorporated in October 2018. Ex. F of Opp. to MTD # 3 [Doc. # 67-7]. Plaintiff points to uncontroverted evidence that the California address to which Luya requests payments be mailed is the same California address once associated with National Cap Gown Inc.: 340 S Lemon Ave, #8666, Walnut, CA. Ex. K of Opp. to MTD # 4 [Doc. # 66-12]; Ex. N of Opp. to MTD # 4 [Doc. # 66-15]. This Walnut address is also the address that Yan used to *personally* register the word trademarks "Graduation Mall," "Graduate Pro," and "Ivy Robes." Ex. O of Opp. to MTD # 4 [Doc. # 66-16]; Ex. N of Opp. to MTD # 3 [Doc. # 67-15]. In addition, the California address used for National Cap Gown Inc.'s California Secretary of State Statement of Information in 2016 is the same address of the California home owned by Yan and Junfeng: 22707 Mountain Laurel Way, Diamond Bar. Ex. F of Opp. to MTD # 4 [Doc. # 66-7]; MTD # 3 at 6–7; MTD # 4 at 6. Finally, Corporate Defendant Mondon, the designer of the graduation apparel

Case 2:19-cv-01382-DMG-JPR Document 96 Filed 05/05/20 Page 11 of 18 Page ID #:1907

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-1382-DMG (JPRx) | Date | May 5, 2020 |
|---|---|---|---|

| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 11 of 18 |
|---|---|---|---|

sold by Luya, is wholly owned and managed by both Yan and Junfeng. *See* Ex. G of Opp # 1 [Doc. # 66-8]; Ex. H of Opp. to MTD # 3 [Doc. # 67-9]; Jianping Lu Decl. at 3; Yan Decl. at ¶¶ 8–9. Yan and her companies' overlapping addresses support Plaintiff's theory that Yan personally owns www.graduationmall.com and www.ivyrobes.com and is a primary decisionmaker for Luya. Accordingly, Plaintiff has sufficiently shown that Yan, through sales on the Websites, has committed intentional acts expressly targeted at California consumers that result in foreseeable harm to Plaintiff.

Plaintiff has not made a similar showing, however, regarding Junfeng's purposeful direction of activities toward this forum. Junfeng is not officially associated with Luya, and Plaintiff has not alleged that Junfeng has made decisions on behalf of Corporate Defendant Mondon, or any other corporation, that are expressly targeted at California. *See* Opp. to MTD # 4 at 12; Junfeng Decl. ¶ 8; Jianping Decl. at ¶¶ 7–8, 10 [Doc # 41-3]. Nor is Plaintiff's burden met by the unsupported assumption that Junfeng has sufficient contacts with California by dint of his wife Yan's jurisdictional contacts. *See* Opp. to MTD # 3 at 12. Plaintiff therefore has not met its burden to demonstrate that this Court may exercise personal jurisdiction over Junfeng.

The burden now shifts to Defendants to show that personal jurisdiction over Yan would be unreasonable. The Court considers seven factors in weighing reasonableness:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003).

Yan argues that she did not "purposefully interject[] herself into the forum state's affairs." MTD # 3 at 10. Yan admits, however, that she does have contacts with California that "arise out of [her] relationship as president of [Luya]," and the evidence described above indicates her control over Luya and the related Websites. Reply for MTD # 3 at 12. Given Yan's business activities and the fact that she also owns a residence in California, it is not unduly burdensome for her to defend herself in this forum. Moreover, as described above, China is an inadequate forum, and no alternative forum has been identified. The majority of the factors thus weighs in favor of reasonableness. The Court concludes that, as required under California's long-arm statute,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-1382-DMG (JPRx)** | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 12 of 18 |

exercising personal jurisdiction over Yan comports with the requirements of due process. *See Mavrix*, 647 F.3d at 1223.

Accordingly, the Court **DENIES** Yan's Rule 12(b)(2) motion and **GRANTS** Junfeng's Rule 12(b)(2) motion, thereby **DISMISSING** without prejudice Junfeng from the action for lack of personal jurisdiction. Plaintiff may file a timely motion to add Junfeng back into the action should it discover pertinent jurisdictional facts that bear on the exercise of personal jurisdiction over him.[4]

Junfeng's Rule 12(b)(6) motion is **DENIED as moot**. The Court proceeds to analyze Luya's and Yan's Rule 12(b)(6) motions.

**IV.**
**MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM**

Luya moves to dismiss only Plaintiff's first and second causes of action against it under the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836 *et seq.*, and the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426 *et seq. See* MTD # 1. Yan moves to dismiss the Complaint in its entirety under Rule 12(b)(6) but only specifically argues for dismissal of the DTSA and CUTSA claims and Plaintiff's eighth cause of action for alter ego liability. *See* MTD # 3. Yan fails to mention Plaintiff's claims against her for: copyright infringement, violation of the Lanham Act, violation of the California Unfair Competition Law, breach of good faith and fair dealing, and unjust enrichment. Without the benefit of briefing on these claims, the Court **DENIES** Yan's MTD # 3 to the extent it seeks their dismissal and analyzes only Luya and Yan's arguments regarding the DTSA and CUTSA claims and Yan's argument regarding alter ego liability.

**A.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must include a "short and plain statement" that provides a defendant with "fair notice of what the claim is" and articulates enough facts to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Thus, although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

---

[4] The Court declines to grant jurisdictional discovery because Plaintiff has not identified what facts it specifically seeks to discover. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-1382-DMG (JPRx) | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 13 of 18 |

*Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true, *Id.* (citing *Twombly*, 550 U.S. at 555), and "construe the complaint in the light most favorable to the plaintiff," *Shwarz v. U.S.*, 234 F.3d 428, 435 (9th Cir. 2000). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Ashcroft*, 556 U.S. at 678.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). Only "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice," may be considered without converting the Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

**B.     The Defend Trade Secrets Act of 2016 and California Uniform Trade Secrets Act**

Defendants Luya and Yan moves to dismiss Plaintiff's first and second causes of action under the DTSA and CUTSA. *See* MTD # 1; MTD # 3.

To state a claim under both the DTSA and CUTSA, Plaintiff must allege that (1) it possessed a trade secret, (2) Luya and/or Yan misappropriated Plaintiff's trade secret by knowingly acquiring, disclosing, or using Plaintiff's trade secret through improper means, and (3) Luya's and/or Yan's conduct damaged Plaintiff. *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 877 (N.D. Cal. 2018); *CytoDyn of New Mexico, Inc. v. Amerimmune Pharm., Inc.*, 160 Cal. App. 4th 288, 297 (2008); *see* Cal. Civ. Code § 3426.1(b); 18 U.S.C. § 1839(5). Although the DTSA and CUTSA may be analyzed together, the DTSA applies only to misappropriations that occur or continue to occur on or after its date of enactment on May 11, 2016. *Alta Devices*, 343 F. Supp. 3d at 877.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-1382-DMG (JPRx) | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 14 of 18 |

### 1. Trade secrets

A "trade secret" is information, such as a method, technique, or process, that (1) derives its economic value from being generally unknown to the public, and (2) is subject to reasonable secrecy measures by its owner. *See* Cal. Civ. Code § 3426.1(d); 18 U.S.C. § 1839(3). To adequately plead possession of a trade secret, a plaintiff must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade." *Alta Devices*, 343 F. Supp. 3d at 881. A plaintiff "need not spell out the details of the alleged trade secrets, but instead provide sufficient identification so that the court and the defendant may ascertain at least the boundaries within which the secret lies." *WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 846 (N.D. Cal. 2019) (citation and internal quotation marks omitted). Furthermore, a plaintiff "must specify what *reasonable* measures" it took "to keep such information secret." *Id.* at 878 (quoting 18 U.S.C. § 1839(3) (emphasis added)); see also Cal. Civ. Code § 3426.1(d).

### a. Protectible trade secrets

Plaintiff alleges that it possesses two kinds of trade secrets: its Apparel Design Specifications and its Business Information comprised of customer lists, customer sales history and preferences, terms and pricing, buying trends, "business 'know how,'" market data, vendor information, business modalities," and "other confidential and proprietary information." Compl. at ¶¶ 2, 38-39, 78-90.

Courts consistently find that customer lists and customer information like Plaintiff's Business Information can qualify as trade secrets. *See, e.g.*, *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 521 (9th Cir. 1993) (finding that a customer database "has potential economic value because it allows a competitor like [the defendant] to direct its sales efforts to those potential customers that are already using [the plaintiff's] computer system"); *Volume Distribs., Inc. v. Khodadad*, No. 17-04138-SVW (MRWx), 2017 WL 10562964, at *3 (C.D. Cal. Nov. 14, 2017) (finding that a customer list indicating customers' preferences and purchase histories qualifies as a an adequately plead trade secret); *Courtesy Temp. Serv., Inc. v. Camacho*, 222 Cal. App. 3d 1278, 1288 (1990) (finding that "even if the customers' names could be found in telephone or trade directories, such public sources 'would not disclose the persons who ultimately made up the list,'" and thus such public sources would not preclude qualifying the customer list as a trade secret). It is true that Plaintiff's customer list contains some publicly available information, such as the names of schools and educational institutions, but Plaintiff alleges that its Business Information included the terms and pricing of sales contracts, customer sales histories and preferences, and other market and vendor information. "[W]here the employer has expended time and effort identifying customers with particular needs or characteristics[,] . . . Such lists are to be distinguished from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-1382-DMG (JPRx) | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 15 of 18 |

mere identities and locations of customers where anyone could easily identify the entities as potential customers," and can constitute trade secrets. *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1521–22 (1997). Plaintiff has adequately alleged that its Business Information is a trade secret.

Whether Plaintiff's Apparel Design Specifications qualify as trade secrets is not as clear. The DTSA defines trade secrets as, *inter alia*, "patterns" and "designs," and the CUTSA definition of a trade secret also includes "pattern." *See* 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d). Courts have found that articulated product designs qualify as trade secrets. *See, e.g.*, *Teledyne Risi, Inc. v. Martin-Baker Aircraft Co. Ltd.*, No. CV 15–07936 SJO (GJSx), 2016 WL 8857029, at *7 (C.D. Cal. Feb. 2, 2016) (finding that "various designs, techniques, processes, materials, and methods of fabrication" are adequately pled trade secrets); *B. Aronson, Inc. v. Bradshaw Intern., Inc.*, No. CV 11–531 CAS (SSx), 2011 WL 1583938, at *1, *6 (C.D. Cal. Apr. 25, 2011) (finding that "[j]ust because [a bread container] has a simple description" and just because it has been publicly distributed, "does not mean its design is not a protectable trade secret"). Plaintiff's alleged trade secret is more similar to the reverse-engineerable design of the bread container in *B. Aronson* than the manufacturing techniques and methods in *Teledyne Risi*—Plaintiff seeks to protect its "unique and specific design specifications," including the "measurement, shape, form, line color, texture dimension, proportion, weight, [and] fabric type" of its graduation apparel products. Compl. at ¶¶ 30–32, 34, 39, 81, 98. Defendants argue that Plaintiff's designs "are easily ascertainable from purchasing the product and simply taking measurements thereof" and "do not constitute a unique type of product." MTD # 3 at 21. But "[n]ovelty and invention are not a requisite for a trade secret," and California courts have found a protectible trade secret even if the concept "might be evident to a [product's] end user." *Altavion, Inc. v. Konica Minolta Sys. Lab., Inc.*, 226 Cal. App. 4th 26, 56 (2014). Moreover, whether Plaintiff's graduation apparel designs are "generally known" to the public is a question of fact beyond the scope of a motion to dismiss. Cal. Civ. Code § 3426.1(d).

Plaintiff has thus sufficiently alleged that its Apparel Design Specifications constitute patterns and designs from which Plaintiff derives value because they are not generally known to the public.

      b.      **Reasonable secrecy measures**

Defendants argue that Plaintiff did not identify or exercise any reasonable secrecy measures over the Business Information or Apparel Design Specifications and thus fails to assert a claim under the DTSA and CUTSA. *See* MTD # 1 at 12–14; MTD # 3 at 16–18. Specifically, Defendants assert that Plaintiff's failure to utilize a written confidentiality agreement and employ access control

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-1382-DMG (JPRx)** | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 16 of 18 |

technology precludes Plaintiff from asserting its trade secret claims. *See* MTD # 1 at 12–13; MTD # 3 at 17–18.

A confidentiality agreement need not be written to be a reasonable secrecy measure, as a trade secret claimant "may have taken other precautions to keep its information secret, such as verbally telling its clients and employees that the information was confidential or limiting access to information on a 'need to know' basis." *Hilderman v. Enea TekSci, Inc.*, 551 F. Supp. 2d 1183, 1201 (S.D. Cal. 2008)). Plaintiff's allegation that it had an oral agreement with Individual Defendants not to disclose any of its alleged trade secrets and "confidentiality agreements and non-disclosure agreements to require vendors, partners, contractors, and employees to maintain the secrecy of Plaintiff's confidential information" are thus sufficient. Compl. at ¶¶ 28, 82.

**2. Misappropriation**

"Misappropriation" involves the acquisition, disclosure, or use of a trade secret by "improper means." Cal. Civ. Code § 3426.1(b)(2); 18 U.S.C. § 1839(6). To qualify "as acquisition, disclosure, or use a trade secret by improper means," a defendant must know, or have reason to know that, *inter alia*, he is acting without consent, breaching a duty to maintain secrecy, or breaching a duty to maintain limited use. Cal. Civ. Code §§ 3426.1(b)(1)–(2); 18 U.S.C. §§ 1839(5)(A)–(B). Here, the Court separately analyzes Yan's and Luya's alleged misappropriation.

Yan argues that the Complaint fails to differentiate between the Individual Defendants and does not allege that Yan specifically used, disclosed, or marketed Plaintiff's alleged trade secret information, or that Yan has a relationship with Corporate Defendant Osbo, which manufactures the graduation apparel sold on the Websites. MTD # 3 at 23. It is true that "use . . . is not present when the conduct consists entirely of possessing, and taking advantage of, something that was made using the secret." *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 224 (2010), *as modified on denial of reh'g* (May 27, 2010). Accordingly, Yan has not misappropriated solely by selling the apparel manufactured by Osbo allegedly based on Plaintiff's Apparel Design Specifications. But "marketing goods that embody the trade secret . . . or soliciting customers through the use of information that is a trade secret all constitute 'use.'" *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1130 (9th Cir. 2010) (quoting Restatement (Third) of Unfair Competition § 40 , cmt. c (1995)). Plaintiff's assertions that it gave the Individual Defendants its Apparel Design Specifications and Business Information, pursuant to a confidentiality agreement, adequately allege that Yan possessed the trade secrets and knew of her duty to maintain secrecy. *See* Compl. at ¶¶ 28–39. Furthermore, as discussed above, Plaintiff has sufficiently alleged facts showing that Yan, as Luya's primary or sole decisionmaker and the likely owner of www.graduationmall.com and www.ivyrobes.com, was

Case 2:19-cv-01382-DMG-JPR Document 96 Filed 05/05/20 Page 17 of 18 Page ID #:1913

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-1382-DMG (JPRx)** | Date | May 5, 2020 |
|---|---|---|---|

| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 17 of 18 |
|---|---|---|---|

personally involved in "marketing" graduation apparel based on Plaintiff's designs and "soliciting customers through the use of information that is a trade secret." *JustMed*, 600 F.3d at 1130; *see* Compl. at ¶¶ 45–56. These activities are ongoing, thereby taking place after the DTSA's enactment in 2016. Taking Plaintiff's material factual allegations as true for the purpose of deciding the MTD, the Court finds that the Complaint adequately states claims against Yan under the DTSA and CUTSA.

Similarly, although Luya did not manufacture the graduation apparel, it sold graduation apparel using Plaintiff's customer lists or information derived therefrom. As Luya argues in its MTD # 1, a plaintiff's "failure to identify any [defendant's] employee or executive who took or viewed a trade secret is crucial" to establishing whether the defendant knew or had reason to know of the existence of the trade secret. MTD # 1 (quoting *Bombardier Inc. v. Mitsubishi Aircraft Corp.*, 383 F. Supp. 3d 1169, 1182 (W.D. Wash. 2019)). Here, Plaintiff points to Luya's sole officer Yan's duty to maintain secrecy under the confidentiality agreement Plaintiff entered with all Individual Defendants. Thus, Plaintiffs have adequately pled facts from which a reasonable inference can be drawn that Luya knew it was using improperly acquired information.

Accordingly, the Court **DENIES** Luya's Rule 12(b)(6) motion in its entirety and Yan's Rule 12(b)(6) motion as to Plaintiff's DTSA and CUTSA claims.

### C. Yan's Alter Ego Liability

Yan argues that Plaintiff's eighth cause of action for alter ego liability is insufficiently pled. When a corporation is "so dominated by its owner," its corporate personality can "be disregarded under the alter ego doctrine." *Wolfe v. U.S.*, 798 F.2d 1241, 1243 (9th Cir. 1986). In California, the alter ego doctrine is applied when (1) there is such unity of interest and ownership that the separate personalities of an individual and a corporation can no longer exist, and (2) the failure to disregard a corporation's personality would result in fraud or injustice. *Unocal*, 248 F.2d at 926. As to the first prong, courts consider the following factors: the corporation's undercapitalization; lack of adherence to corporate formalities; the individual acting as the sole shareholder, officer, and/or director of the corporation; commingled funds and assets; shared offices or spaces; and use of the corporation as a mere shell or conduit for the individual's affairs. *Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1137 (C.D. Cal. 2015).

Plaintiff's Complaint sets forth a conclusory allegation that all of the Individual Defendants "created several alter ego companies to operate and manage the Infringing Websites," the latest of which is Luya. Compl. at ¶ 50. The Complaint does not contain sufficient detail regarding Yan's unity of interest with Luya in particular. Moreover, the Complaint contains no facts regarding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-1382-DMG (JPRx)** | Date | May 5, 2020 |
|---|---|---|---|
| Title | *Graduation Solutions LLC v. Luya Enterprise Inc. et al.* | Page | 18 of 18 |

whether failing to disregard Luya's corporate personality would result in injustice. Though "undercapitalization alone may be sufficient to lead to an inequitable result," Plaintiff has not alleged facts supporting undercapitalization such that Luya would not be able to pay any eventual judgment without resort to Yan's personal assets. *See Gerritsen,* 116 F. Supp. 3d at 1143–44. Nor has Plaintiff alleged any commingling of assets or other facts to show that fraud or injustice would result if the corporate veil is not pierced. Plaintiff has thus failed to state a claim for alter ego liability against Yan based on Luya's activities.

Accordingly, the Court **GRANTS** Yan's Rule 12(b)(6) motion as to Plaintiff's alter ego liability claim.

## V.
## CONCLUSION

For the foregoing reasons, the Court orders the following:

1. Luya's MTD #1 is **DENIED** as to dismissal for *forum non conveniens* and **DENIED** as to dismissal of Plaintiff's first and second causes action under the DTSA and CUTSA for failure to state a claim [Doc. # 41];
2. Yan and Junfeng's MTD #2 for *forum non conveniens* is **DENIED** [Doc. # 61];
3. Yan's MTD # 3 is **GRANTED with leave to amend** as to the alter ego liability theory, and **DENIED** in all other respects [Doc. # 59];
4. Junfeng's MTD # 4 is **GRANTED without prejudice** for lack of personal jurisdiction, and his MTD for failure to state a claim is **DENIED as moot** [Doc. ## 59, 60].

Plaintiff shall file any amended complaint, or inform the Court and Defendants of its intention not to do so, by **May 26, 2020**. Defendants, including non-moving Defendants Jianping, Yao, Osbo, and Mondon, shall have 21 days after the filing and service of the amended complaint within which to file their response.

**IT IS SO ORDERED.**